NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

BRIAN J. BLAND, )
)
       Appellant, )
)
v. )    Case No. 2D15-2757
)
STATE OF FLORIDA, )
)
       Appellee. )
_____ )

Opinion filed September 9, 2016.

Appeal from the Circuit Court for Collier
County; Frederick R. Hardt, Judge.

Howard L. Dimmig, II, Public Defender, and
Judith Ellis, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lisa Martin, Assistant
Attorney General, Tampa, for Appellee.


LaROSE, Judge.


       Brian James Bland appeals an order dismissing his motion to withdraw

plea after sentencing. See Fla. R. Crim. P. 3.170(*l*). Because the motion was facially

sufficient, we reverse and remand for the trial court to conduct an evidentiary hearing on

Mr. Bland's motion.

The State charged Mr. Bland in two separate cases with aggravated battery with intention to cause great bodily harm and aggravated battery with a deadly weapon. See § 784.045(1)(a)(1), (1)(a)(2), Fla. Stat. (2011). He entered a negotiated plea to the first charge in exchange for the dismissal of the second charge. He agreed to a sentence of 52.5 months in prison, followed by four years' probation. The trial court accepted Mr. Bland's plea as freely and voluntarily made and sentenced him according to the plea agreement.

Mr. Bland filed a pro se motion to withdraw his plea after sentencing. See Fla. R. Crim. P. 3.170(l). He asked the trial court to appoint conflict-free counsel and allow him to withdraw his plea because the plea was involuntary. The trial court denied the motion, finding that it was insufficient and conclusory. The trial court noted that the motion "fails to meet the requirements of rule 3.170(l) by failing to allege a legally enumerated ground which sets forth any factual basis to support his conclusory allegations."

Mr. Bland's motion is not conclusory. He alleged that before he entered the negotiated plea, his counsel told a defense witness that the State was going to drop one of the cases. Allegedly, counsel withheld this information from Mr. Bland. Mr. Bland asserts that had he known, he would not have entered a plea in exchange for the State nolle-prossing a charge that it had already decided to drop. If true, Mr. Bland may be entitled to relief.

The trial court erred in dismissing the motion as insufficient. We reverse and remand for an evidentiary hearing, with appointed conflict-free counsel, on the motion to withdraw the plea. See Smith v. State, 849 So. 2d 485, 485-86 (Fla. 2d DCA

2003) ("An indigent defendant has the right to court-appointed counsel to assist in filing a rule 3.170(*l*) motion.").

Reversed and remanded with directions.


NORTHCUTT and SLEET, JJ., Concur.